IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOCIEDAD CONCESIONARIA METROPOLITANA DE SALUD S.A., <br><br> Petitioner, <br><br> v. <br><br> WEBUILD S.P.A, <br><br> Respondent. | Civil Action No. 23-1175-CFC |

## **MEMORANDUM**

Petitioner Sociedad Concesionaria Metropolitana de Salud S.A. (Sociedad) initiated this action against Respondent Webuild S.p.A. (Webuild) with the filing of a Petition to Confirm Arbitration. D.I. 1. Sociedad seeks by its Petition "confirmation, recognition, and enforcement of a final international arbitration award rendered on December 30, 2021 in *Sociedad Concesionaria Metropolitana de Salud v. Astaldi Sucursal Chile*, CAM Case No. 3586-19 . . . and entry of judgment thereon pursuant to 9 U.S.C. § 13." D.I. 1 at 2. Sociedad has also filed a Motion to Confirm Arbitral Award and for Entry of Judgment, by which it seeks the same relief sought by its Petition—i.e., "an Order, pursuant to 9 U.S.C. § 207 of the Federal Arbitration Act, confirming the final foreign arbitral award rendered by a sole arbitrator at Santiago, Chile, on December 30, 2021 in *Sociedad*

*Concesionaria Metropolitana de Salud v. Astaldi Sucursal Chile*, CAM Case No. 3586-19—acting pursuant to the agreements between [Sociedad] and Astaldi Sucursal Chile and the applicable law to the dispute—and entry of judgment thereon pursuant to 9 U.S.C. § 13." D.I. 3 at 2. The award issued in the arbitration in question was in favor of Sociedad and against Astaldi Sucursal Chile (Astaldi). D.I. 1 at 12.

Sociedad alleges in its Petition that the Court of Appeals in Santiago, Chile "issued a decision confirming the Award in relevant part on August 1, 2022," and that "the Chilean Supreme Court declined to hear an appeal of the Court of Appeals Decision" in June 2023. D.I. 1 at 2. Sociedad, however, has not sought by its Petition or Motion (or any other pleading) recognition or enforcement of a foreign court's judgment. *Cf.* 10 Del. C. § 4781–87 (Delaware's Uniform Enforcement of Foreign Judgments Act); *see also* Gibson, Dunn & Crutcher LLP, *Getting the Deal Through - Enforcement of Foreign Judgments 2015*, at 131 (4th ed. 2014) (distinguishing enforcement of non-U.S. court judgments from enforcement of international arbitration awards).

Webuild is an Italian construction company with no operations in Delaware. Sociedad alleges that Webuild is the successor-in-interest to Astaldi's debt to Sociedad under the arbitration award. D.I. 26 at 14–18. Pending before me is Webuild's motion to dismiss. D.I. 19. In support of its motion, Webuild argues,

2

among other things, that this Court lacks both personal jurisdiction over Webuild and quasi in rem jurisdiction over this action.  D.I. 20 at 2–3.

Sociedad does not dispute that I lack personal jurisdiction over Webuild. *See generally* D.I. 26.  But it argues that I have quasi in rem jurisdiction to confirm the arbitration award because Webuild is the sole owner of Webuild US, a Delaware corporation, and because Webuild's shares in Webuild US are "deemed to be located in Delaware as a matter of law" and "are subject to attachment by this Court to satisfy the outstanding arbitration award." D.I. 26 at 19.

Under *Shaffer v. Heitner*, 433 U.S. 186 (1977), however, the mere presence of property owned by a nonresident defendant in the forum state is insufficient to support quasi in rem jurisdiction over a claim unrelated to the property.  The Court held in *Shaffer* that "all assertions of state-court jurisdiction must be evaluated according to the standards set forth in *International Shoe* and its progeny," and that the shares of a Delaware company held by the defendants in that case "d[id] not . . . provide contacts with Delaware sufficient to support the jurisdiction of [Delaware's] courts" when "that property [was] not the subject matter of th[e] litigation, nor is the underlying cause of action related to the property." *Id.* at 212–13.  In this case, Sociedad does not allege in its Petition that Webuild US has any relation to the Chilean arbitration; nor does it dispute Webuild's assertion that Webuild US has no relation to the dispute underlying the arbitration.  Accordingly,

Webuild's shares in Webuild US do not by themselves provide a basis for quasi rem jurisdiction over this action.

Quoting a New York district court decision from 1977, Sociedad argues that "the voluntary decision to place property within a particular forum . . . 'satisfies the "minimum contacts" of *International Shoe*, as well as that requirement of foreseeability imparted by *Shaffer* into quasi in rem actions.'" D.I. 26 at 21 (quoting *Feder v. Turkish Airlines*, 441 F. Supp. 1273, 1278–79 (S.D.N.Y. 1977)). But this contention cannot be squared with *Shaffer*. Indeed, both the Supreme Court and the Third Circuit have held that *Shaffer* precludes a court from exercising jurisdiction over a nonresident defendant based solely on the presence of property in the court's state that is unrelated to the action. *See Rush v. Savchuk*, 444 U.S. 320, 328 (1980) ("We held in *Shaffer* that the mere presence of property in a State does not establish a sufficient relationship between the owner of the property and the State to support the exercise of jurisdiction over an unrelated cause of action."); *Nehemiah v. Athletics Cong. of U.S.A.*, 765 F.2d 42, 47 (3d Cir. 1985) ("In *Shaffer*, the Court held that the mere presence of property owned by a non-resident defendant in the forum state was insufficient to support *quasi in rem* jurisdiction over a claim unrelated to the property, and required that the minimum contacts test be used to evaluate the existence of all claims of *in rem* jurisdiction.").

4

Finally, Sociedad argues that footnote 36 of the majority opinion in *Shaffer* supports its contention that quasi in rem jurisdiction exists here. D.I. 26 at 21–22. That footnote reads: "Once it has been determined *by a court of competent jurisdiction* that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter." *Shaffer*, 433 U.S. at 210 n.36 (emphasis added). Because Sociedad has not asked me to recognize, let alone enforce, in this action a determination by a court of competent jurisdiction that Webuild is its debtor, even assuming that footnote 36 created an exception to *Shaffer*'s general rule that the mere presence of property in a State does not establish a sufficient relationship between the owner of the property and the State to support the exercise of jurisdiction over an unrelated cause of action, such an exception would not apply here.

In sum, because Webuild US has no relation to the arbitration award Sociedad seeks to confirm by its Petition and because Webuild's ownership of Webuild US is the only basis for jurisdiction over Webuild asserted by Sociedad, I will dismiss the action for lack of jurisdiction under *Rush* and *Shaffer*.

The Court will issue an Order consistent with this Memorandum.

_____
CHIEF JUDGE